The Memorandum Decision below is hereby signed.

Dated: September 25, 2008.



```
                    _____
                    S. Martin Teel, Jr.
                    United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEVEN A. BENSON, | ) | Case No. 08-00074 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CLAIM OF
<u>HOWARD UNIVERSITY FCU/NATIONAL CREDIT CORPORATION AS SECURED</u>

The trustee has objected to the claim of Howard University FCU/National Credit Corporation to the extent that the proof of claim asserts that the creditor holds a secured claim with respect to $4,355.35 of the claim. The creditor's proof of claim indicates that it is secured by a motor vehicle, but it attaches no documents to demonstrate that the claim is a secured claim. The debtor scheduled the claim as an unsecured claim (and in a different amount, but the amount of the claim is not contested by the trustee). As observed in <u>In re Anderson</u>, 330 B.R. 180, 184-85 (Bankr. S.D. Tex. 2005):

> [I]f a creditor claims a security interest in property of the debtor, proof that the security interest has been perfected must accompany the proof of claim.

> Bankruptcy Rule 3001(d). If the proof of claim is filed in accordance with the Bankruptcy Rules, it will "constitute *prima facie* evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f). . . .
>   . . . If, however, the relevant documentation is missing, the creditor may not rest on the proof of claim to establish its lien against the debtor's assets. In such a case, the creditor must establish its lien in one of two ways: (1) amend its incomplete proof of claim; or (2) introduce evidence at a hearing proving up the lien.

[Citations omitted.] Rule 3001(d) specifically provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Here, Howard University FCU has failed to take steps to protect its interests in response to the objection to its claim:

- It has not amended its proof of claim to attach a copy of the certificate of title demonstrating that it has a lien upon the subject vehicle. (In the District of Columbia, a lien upon a motor vehicle is perfected by noting the lien upon the certificate of title for the motor vehicle.)

- Nor has it, alternatively, filed a response to the trustee's objection to claim, which gave clear notice that in the absence of a response, the court could sustain the objection to the claim without the necessity of a hearing.

Accordingly, I will sign the trustee's proposed order sustaining

2

the objection to the proof of claim.

                                                [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; and:

Howard University FCU
2400 - 6th Street, NW
Washington, DC 20059-0002
Attention: Acount No. Ending in 6493

National Credit Corporation
PO Box 9156
Alexandria, VA 22304-0156
Attention: Account No. Ending in 6493

Michael E. Hines
Assistant Manager
Howard University FCU
2400 - 6th Street, NW
Washington, DC 20059-0002
Attention: Acount No. Ending in 6493